## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARISSA CAPLES, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 2:18-cv-05765-CJB-DEK |
| MENZIES AVIATION (USA), INC., § | |
| AND BRYCE WOLFE, § | |
| § | |
| *Defendants.* § | |

### DEFENDANT MENZIES AVIATION (USA), INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

**Subject to and without waiving its right to compel Plaintiff Carissa Caples' ("Plaintiff") claims to arbitration**, Defendant Menzies Aviation (USA), Inc. ("Menzies") files its Answer and Affirmative Defenses to Plaintiff's Petition for Damages (the "Complaint").

### I.   ANSWER

Menzies denies any and all averments in the Complaint not expressly admitted herein. In answer to the allegations contained within the separately numbered paragraphs of the Complaint, Menzies respond as follows:

1. Menzies admits the allegations contained in paragraph 1(A) of the Complaint. Menzies lacks sufficient information to admit or deny the allegations contained in paragraph 1(B) of the Complaint and therefore for purposes of pleading denies same.

2. Paragraph 2 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

3. Menzies admits that it employs persons at Louis Armstrong New Orleans Airport and that Defendant Bryce Wolfe supervised Plaintiff. Menzies lacks sufficient information to admit or deny the remaining allegations contained in paragraph 3 of the Complaint and therefore for purposes of pleading denies same.

4. Paragraph 4 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

5. Paragraph 5 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

6. Paragraph 6 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

7. Paragraph 7 of the Complaint is a legal conclusion, neither requiring admission

nor denial; and for purposes of pleading, Menzies denies same.

8. Paragraph 8 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

9. Paragraph 9 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

10. Paragraph 10 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

11. Paragraph 11 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

12. Paragraph 12 of the Complaint is a legal conclusion, neither requiring admission nor denial; and for purposes of pleading, Menzies denies same.

## II. AFFIRMATIVE DEFENSES

13. Plaintiff should be compelled to arbitrate her claims against Menzies.

14. Plaintiff fails to state a claim upon which relief may be granted.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

16. Plaintiff's claims are barred, in whole or in part, by Louisiana's Workers' Compensation Act. LA. REV. STAT. § 23:1032.

17. Plaintiff's claims are barred, in whole or in part, by Plaintiff's fault or the fault of another.

18. Plaintiff's claims are barred, in whole or in part, because Defendant Bryce Wolf was not acting within the course and scope of his employment when the allegedly negligent and/or tortious act occurred.

19. Plaintiff's claims are barred, in whole or in part, because all employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory and non-pretextual business reasons.

20. Menzies' actions and/or omissions were not willful, intentional, malicious, or in reckless disregard of Plaintiff's rights.

21. Menzies reserves the right to state additional affirmative defenses as permitted by this Court.

**WHEREFORE**, Defendant Menzies Aviation (USA), Inc. respectfully requests that this

Court compel Plaintiff Carissa Caples' claims to arbitration and grant Defendant all other and further relief, at law or in equity, general or special, to which it is justly entitled.

                                       Respectfully submitted,

                                       **FOLEY GARDERE**
                                       **FOLEY & LARDNER LLP**

                                       */s/ Craig D. Dillard*
                                       Craig D. Dillard (#29150)
                                       Federal ID No. 37591
                                       Michael R. Rahmn (#37517)
                                       Federal ID No. 1124407 (E.D. La. Application To Be Filed)
                                       1000 Louisiana Street, Suite 2000
                                       Houston, Texas 77002-2099
                                       Telephone: (713) 276-5500
                                       Facsimile: (713) 276-5555
                                       Email: cdillard@foley.com
                                                   mrahmn@foley.com

                                       ATTORNEY FOR DEFENDANT
                                       MENZIES AVIATION (USA), INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served via ECF on this the 15th day of June, 2018, to:

    John D. Sileo
    Casey W. Moll
    320 N. Carrollton Avenue, Suite 101
    New Orleans, Louisiana 70119

                                         */s/ Michael R. Rahmn*
                                         Michael R. Rahmn