# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| _____ ) | |
| **CARISSA CAPLES** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 18-05765 |
| ) | |
| ) | |
| **MENZIES AVIATION (USA), INC.,** ) | |
| **AND BRYCE WOLFE** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANT BRYCE WOLFE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) OR TO DROP PARTY OR SEVER CLAIMS FOR MISJOINDER PURUSANT TO FED. R. CIV. P. 21

TABLE OF AUTHORITIES ............................................................................................................ 2

MOTION ....................................................................................................................................... 3

INTRODUCTION .......................................................................................................................... 3

PROCEDURAL BACKGROUND................................................................................................. 3

LEGAL STANDARDS ................................................................................................................. 4

    Standard For Dismissal For Failure To State A Claim Upon Which Relief Can Be Granted ................ 4

    Court Has Discretion to Drop Defendant Wolfe At Any Stage of the Litigation ..................................... 5

    Court Has Discretion to Sever Any Claim.......................................................................................... 5

ARGUMENT ................................................................................................................................. 6

    Plaintiff Cannot Prevail on Any Claim Against Wolfe........................................................................ 6

    Defendant Wolfe Should be Dropped from the Instant Action for Misjoinder. ..................................... 7

    Plaintiff's Attempted Joinder of Non-Diverse Defendant Wolfe with Diverse Defendants Ignores the Law and Should Be Severed. ............................................................................................................... 8

CONCLUSION................................................................................................................................ 10

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 570 (2007) ......................................... 4

*Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ............. 5

*Digital Sins, Inc. v. John Does 1-245*, 11 CIV. 8170 CM, 2012 WL 1744838 (S.D.N.Y. May 15, 2012 ................................................................................................................. 10

*Essex Ins. Co. v. Kart Constr., Inc.*, 2015 U.S. Dist. LEXIS 17493 (M.D. Fla. Jan. 23, 2015)6, 10

*Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 541 (S.D. Ala. 2007) ....................... 9

*Haynie v. Twin Oaks Nursing Home, Inc.,* 17-192, 232 So. 3d 74 (La. App. 5 Cir. 11/15/17). 8, 9, 11

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ....................... 4

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)....... 4

*Musacchia v. Sanderson Famrs, Inc.,* No. Vic. A. 00-3632, 2001 WL 515251 (E.D. La. May 10, 2001) ................................................................................................................. 7, 9, 11

*Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) ........ 5

*Potts v. B&R, LLC*, supra, 2014 U.S. Dist. LEXIS 54975, 2014 WL 1612364 ....................... 6, 10

*Reeves v. Structural Pres. Sys.,* 713 So. D 208, 210 (La. 1999) ........................................... 7, 9, 11

### Statutes

La. Rev. Stat. 23:1031(B) ................................................................................................. 8

La. Rev. Stat. 23:1032 ................................................................................................ 7, 9, 11

La. Rev. Stat. 23:1032(B) ................................................................................................. 8

Louisiana Workers Compensation Act ............................................................................ 12

### Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 3, 4, 8

Fed. R. Civ. P. 21 ........................................................................................................... 3, 5, 6, 9

### Treatises

Wright, Miller & Kane, Federal Practice and Procedure, supra, pp. 517- 18 ........................... 5, 8

## I.     MOTION

Defendant Bryce Wolfe, through his undersigned counsel, consents to the removal of this action to the U.S. District Court for the Eastern District of Louisiana and, pursuant to Rules 12(b)(6) and 21 of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss the claims brought against him or in the alternative to drop Defendant Wolfe or to sever those claims brought against him from the above-captioned action for misjoinder.

## II.     INTRODUCTION

Plaintiff Carissa Caples has ignored the Federal Rules of Civil Procedure and Fifth Circuit law by attempting to improperly join Defendant Bryce Wolfe in a civil action for which Plaintiff cannot establish a cause of action against Wolfe. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the claims against Defendant Wolfe should be dismissed for failure to state a claim for which relief can be granted. Alternatively, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the court should use its discretion to drop Wolfe from the instant action such that he is no longer a party to the lawsuit, or to sever the claims against Wolfe for misjoinder.

## III.     PROCEDURAL BACKGROUND

On April 25, 2018, Plaintiff filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (Case No. 783-160), naming as Defendants Menzies Aviation (USA) Inc. ("Menzies"), and Bryce Wolfe ("Wolfe"). Menzies was served with the Petition on May 23, 2018. Wolfe has not been served. On June 8, 2018, Menzies filed a Notice of Removal in the United States District Court for the Eastern District of Louisiana (LAED No. 18-

05765). Wolfe received a Summons Citation and copy of the Notice of Removal on September 4, 2018.

## IV.    LEGAL STANDARDS

### A.  Standard for Dismissal For Failure To State A Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). The Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff'" when it analyzes a Rule 12(b)(6) motion. *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A motion to dismiss should be granted only when the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard is not the equivalent of a probability requirement, but the standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949. The Court's review is limited to the allegations in the complaint and to those documents attached to a

defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac–Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2004). Plaintiff has failed to advance a claim upon which relief can be granted. Therefore, Defendants' Motion to Dismiss should be granted and Plaintiff's claims dismissed.

**B.  Court Has Discretion to Drop Defendant Wolfe At Any Stage of the Litigation**

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept*., 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).

**C.  Court Has Discretion to Sever Any Claim**

Federal Rule of Civil Procedure 21 provides that "*any claim* against a party may be severed and proceeded with separately." (emphasis added). A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness. *See Potts v. B&R, LLC*, supra, 2014 U.S. Dist. LEXIS 54975, 2014 WL 1612364 at ¶3; 7 Wright, Miller & Kane, Federal Practice and Procedure, supra, pp. 517- 18 (a court may "sever an unrelated claim. . . when doing so would be in the interest of some or all of the parties"). It has been noted that "conservation of both time and money are the bedrock basis" for severance. *See Essex Ins. Co. v. Kart Constr., Inc*., 2015 U.S. Dist. LEXIS 17493, ¶ 12 (M.D. Fla. Jan. 23, 2015). Specific factors considered in determining the propriety of severance under Rule 21 include: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims sought to be severed present different issues of fact or law; (3) whether settlement of the claims or judicial economy would be facilitated; (4)

whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Id.*

## V.   ARGUMENT

### A.  Plaintiff Cannot Prevail on Any Claim Against Wolfe.

Plaintiff asserts a negligence and/or intentional tort claim against Wolfe. Petition, ¶ 9. Further, Plaintiff concedes Wolfe was in the course and scope of his employment with Menzies when the allegedly negligent and/or intentional conduct occurred. *Id.* at ¶ 7. For the reasons described in Defendant Menzies' Notice of Removal and again below, there is no reasonable basis for the Court to conclude that Plaintiff has an ability to recover against Wolfe for these claims.

In Louisiana, it is well-settled that an employee's exclusive remedy against his/her employer and other employees for a negligence claim is through the Louisiana Workers' Compensation Act. *See Musacchia v. Sanderson Famrs, Inc.,* No. Vic. A. 00-3632, 2001 WL 515251, at ¶ 2 (E.D. La. May 10, 2001) (citing *Reeves v. Structural Pres. Sys.,* 713 So. D 208, 210 (La. 1999)); *see also* La. Rev. Stat. 23:1032. Therefore, as a matter of law, Plaintiff cannot recover against Wolfe for negligence.

While the Workers' Compensation Act creates an exception for an employer's intentional act, that exception does not give Plaintiff a viable intentional tort claim against Wolfe. Under Louisiana law, an employer is liable for a tort committed by its employee if the employee was acting within the course and scope of his/her employment at the time of the incident. *Haynie v. Twin Oaks Nursing Home, Inc.,* 17-192, 232 So. 3d 74 (La. App. 5 Cir. 11/15/17). Here, Plaintiff concedes Wolfe was acting within the course and scope of his employment with Menzies when

the alleged intentional conduct occurred. *See* La. Rev. Stat. 23:1031(B); *see also* Petition ¶ 7. Therefore, even if the intentional act occurred, which Wolfe denies, Menzies would be liable for the alleged intentional conduct, not Wolfe. *Haynie,* 17-192, 232 So. 3d 74; La. Rev. Stat. 23:1032(B).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). Because Plaintiff has put forward no claim against Wolfe upon which relief can be granted, this Court should dismiss Plaintiff's action against Wolfe with prejudice.

### B. Defendant Wolfe Should be Dropped from the Instant Action for Misjoinder.

Both Defendant Menzies in their Notice of Removal, and Defendant Wolfe, assert that Wolfe was improperly joined in this case, as none of the claims asserted by the Plaintiff can be properly brought against him. *See* Notice of Removal at ¶ 15-20. As described above, Plaintiff is barred, as a matter of law, from bringing claims against Wolfe in his individual capacity for alleged acts that Plaintiff concedes were carried out entirely in the course and scope and of his employment at Menzies. *See* Petition at ¶ 7. In Louisiana it is well-settled that an employee's exclusive remedy against his/her employer and other employees for a negligence claim is through the Louisiana Workers' Compensation Act. *See Musacchia v. Sanderson Famrs, Inc.,* No. Vic. A. 00-3632, 2001 WL 515251, at ¶2 (E.D. La. May 10, 2001) (citing *Reeves v. Structural Pres. Sys.,* 713 So. D 208, 210 (La. 1999)); *see also* La. Rev. Stat. 23:1032. Similarly, under Louisiana law, an employer is liable for a tort committed by its employee if the employee was acting within the course and scope of his/her employment at the time of the incident. *Haynie v. Twin Oaks Nursing Home, Inc.,* 17-192, 232 So. 3d 74 (La. App. 5 Cir. 11/15/17). In this case, Plaintiff has no plausible cause of

action against Wolfe. Further, Wolfe has not asserted any cross or counter claims in this case, and his presence in this litigation is not required for this case to be tried. Rule 21 of the Federal Rules of Civil Procedure allows the Court, on its own initiative or by motion, to dismiss parties to a case: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In this case, Defendant Wolfe should be dropped since continuing to litigate the claims against Wolfe in this form risks significant inequity.

### C. Plaintiff's Attempted Joinder of Non-Diverse Defendant Wolfe with Diverse Defendants Ignores the Law and Should Be Severed.

The determination of whether to grant a motion to sever is left to the discretion of the trial court. *Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 541 (S.D. Ala. 2007). A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness. See *Potts v. B&R, LLC*, supra, 2014 U.S. Dist. LEXIS 54975, 2014 WL 1612364 at ¶ 3; 7 Wright, Miller & Kane, Federal Practice and Procedure, supra, pp. 517- 18 (a court may "sever an unrelated claim. . . when doing so would be in the interest of some or all of the parties. It has been noted that "conservation of both time and money are the bedrock basis" for severance. *See Essex Ins. Co. v. Kart Constr., Inc.*, 2015 U.S. Dist. LEXIS 17493, ¶ 12 (M.D. Fla. Jan. 23, 2015). However, in this case considering that the claims any claims against the employer fall under the Louisiana Workers Compensation Act, and any conceivable claims against Wolfe, however implausible, must be brought outside of the Act, "'[t]he only economy that litigating these cases as a single action would achieve is an economy to plaintiff—the economy of not having to pay a separate filing fee for each action brought.'" *Digital Sins, Inc. v. John Does 1-245*, 11 CIV. 8170 CM, 2012 WL 1744838, at ¶3 (S.D.N.Y. May 15, 2012). Specific factors considered in determining the propriety of severance

under Rule 21 include: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims sought to be severed present different issues of fact or law; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Id*.

On balance, the relevant factors weigh in favor of, at the very least, severing the Plaintiff's claims against Wolfe. The dominant factors favoring severance of claims against Wolfe are: (i) severance would facilitate judicial economy; (ii) the claims sought to be severed present different issues of fact or law; and (iii) prejudice would be avoided if severance is granted.

**First**, considerations of judicial economy dictate severance of the claims against Wolfe. Plaintiff concedes in her initial complaint that Wolfe was in the course and scope of his employment with Menzies when the allegedly negligent and/or intentional conduct occurred. Petition at ¶ 7. In Louisiana it is well-settled that an employee's exclusive remedy against his/her employer and other employees for a negligence claim is through the Louisiana Workers' Compensation Act. *See Musacchia v. Sanderson Famrs, Inc.,* No. Vic. A. 00-3632, 2001 WL 515251, at ¶ 2 (E.D. La. May 10, 2001) (citing *Reeves v. Structural Pres. Sys.,* 713 So. D 208, 210 (La. 1999)); *see also* La. Rev. Stat. 23:1032. Similarly, under Louisiana law, an employer is liable for a tort committed by its employee if the employee was acting within the course and scope of his/her employment at the time of the incident. *Haynie v. Twin Oaks Nursing Home, Inc*., 17-192, 232 So. 3d 74 (La. App. 5 Cir. 11/15/17). Plaintiff is barred, as a matter of law, from bringing claims against Defendant Wolfe in his individual capacity. Therefore, continuing to litigate the

claims against Wolfe in this form risks enormous inefficiency since the claims against him will likely be dismissed.

**Second**, the claims sought to be severed present different issues of fact or law. As stated above, Plaintiff has made her claims against Wolfe in his capacity as an employee of Menzies and concedes that Wolfe was "[a]t all times relevant herein . . . an employee of . . . Menzies Aviation, and was in the course and scope of his employment with Menzies Aviation." Petition at ¶ 4, 7. As such, Plaintiff's only remedy is through the Louisiana Workers Compensation Act. The claims against Menzies, which are covered under the Louisiana Workers Compensation Act, and any potential claims against Wolfe individually, which cannot be covered by the Act, present different issues of law and should be dismissed or at least severed from these proceedings.

**Third,** not severing the claims against Wolfe would result in substantial prejudice. As discussed above, there is no reasonable basis for the Court to conclude that Plaintiff as an ability to recover against Wolfe for these claims which must be assessed under the Louisiana Workers Compensation Act. If the claims are not severed and the case proceeds against Wolfe alongside the employer Menzies, then the parties risk enormous wastage of resources and unfairness to Wolfe, which would be unduly burdensome.

## VI.    CONCLUSION

In consideration of the above, Defendant Wolfe respectfully requests that the Court dismiss the claims against him under Rule 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. In the alternative, Wolfe respectfully requests that the Court use its discretion under Rule 21 to drop him from this case so that he shall no longer be a party to this lawsuit, or to server

the claims against him under Rule 21, and for such other and further relief for which he may be justly entitled at law or in equity.

DATED this 19th day of September, 2018.

THE RHODES LAW FIRM, LLC.

By: /s/ Jonathan M. Rhodes

Jonathan M. Rhodes (LSBA #32649)

1937 Peniston Street

New Orleans, LA 70115

T: (504) 444-3681

E: jonathan@therhodeslawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on September 24, 2018, I caused the foregoing DEFENDANT BRYCE WOLFE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR TO DROP PARTY OR SEVER FOR MISJOINDER PURUSANT TO FED. R. CIV. P. 20 AND 21 to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**<u>Attorneys for Plaintiff Carissa Caples</u>**

John D. Sileo

Casey W. Moll

320 N. Carrolton Ave, Suite 101

New Orleans, LA 70119


**<u>Attorney for Defendant Menzies Aviation (USA) INC.</u>**

Michael R. Rahmn

1000 Louisiana Street, Suite 2000

Houston, Texas 77002-2099

        By: /s/ Jonathan M. Rhodes

         Jonathan M. Rhodes (LSBA #32649)

         The Rhodes Law Firm

         1937 Peniston Street

         New Orleans, LA 70115

         T: (504) 444-3681

         E: jonathan@therhodeslawfirm.com