UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARISSA CAPLES | CIVIL ACTION NO.: 18-cv-05765 |
|     Plaintiff, | |
| versus | |
| | JUDGE: BARBIER |
| MENZIES AVIATION (USA), INC. AND BRYCE WOLFE, | |
|     Defendants, | MAGISTRATE: KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO BRYCE WOLFE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) OR TO DROP PARTY OR SEVER CLAIMS FOR MISJOINDER PURSUANT TO FED. R. CIV. P. 21**

MAY IT PLEASE THE COURT:

Plaintiff, Carissa Caples, brings this Memorandum in Opposition to Defendant, Bryce Wolfe's, Motion to Dismiss or Sever Claims (Rec. Doc. 18). The Plaintiff submits there is no legal basis for Defendant's motion that seeks to summarily dismiss the tortfeasor in this case. There is no question Bryce Wolfe (tortfeasor) is a culpable party in this personal injury lawsuit, and therefore, is an indispensable and necessary party to this suit. Mr. Wolfe's Motions are based solely upon speculative arguments, contain absolutely no evidentiary support, and are not suitable for Rule 12(B)(6) or Rule 21 Motions.

    **I.**    **Relevant Factual and Procedural Background**

This matter involves a work place tort, which occurred on April 26, 2017. Plaintiff, Carissa Caples was at her place of employment for Menzies Aviation.[1] Ms. Caples' supervisor, Bryce Wolfe, began verbally assaulting Ms. Caples regarding a disciplinary work report which he was

---

[1]     *See* Rec. Doc. 1-1, pg. 5

insisting Ms. Caples sign.[2] Ms. Caples advised she was uncomfortable signing the report as she did not agree with the report or the language within the report.[3] Ms. Caples requested a copy of the report and placed the report on the office copy machine, at which time Mr. Wolfe slammed the "door" of the copy machine on top of Ms. Caples hand, trapping her hand between the glass and the door of the copy machine.[4]

In her Petition for Damages properly filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Ms. Caples alleges the work place negligent and/or intentional tort(s) were committed by her supervisor, Defendant Bryce Wolfe, who is domiciled in St. Tammany Parish, Louisiana.[5]

Ms. Caples properly named Bryce Wolfe as a defendant because he is the tortfeasor in this case. Ms. Caples also named Bryce Wolfe's employer, Menzies Aviation, as a defendant alleging Menzies is vicariously liable for the acts of its employee, Bryce Wolfe.[6]

Mr. Wolfe is a proper (non-diverse) party in this suit as he is accused of being the primary tortfeasor. Mr. Wolfe's employer, and co-defendant, Menzies Aviation, has not entered into any stipulations that Bryce Wolfe was in the course and scope of his employment at the time of the incident at issue. Menzies Aviation has not entered into any stipulation that they are liable for the negligent and/or intentional acts of Bryce Wolfe. Moreover, for Menzies to be vicariously liable for Bryce Wolfe's actions, it is necessary for Bryce Wolfe to be joined as a necessary party in this case.

---

[2]     *Id.*
[3]     *Id.*
[4]     *Id.*
[5]     *Id.*
[6]     *Id.*

## II.    Law and Argument

**A.    The plaintiff has alleged a valid cause of action against Defendant, Bryce Wolfe**

As the defendant acknowledges in his motion, the plaintiff asserts a negligence and/or intentional tory claim against Bryce Wolfe. (Rec. Doc. 18, pg. 6). It is elementary that a claim can be brought against an employer for its employee's negligent and/or intentional acts under the doctrine of vicarious liability. An essential component of a cause of action for vicarious liability is the act and/omission of the employee (i.e. Bryce Wolfe). Therefore, Bryce Wolfe, as the alleged tortfeasor in this case, is a necessary and indispensable party to this case to prove vicarious liability.

Mr. Wolfe's motion correctly points out that an employer is liable for a tort committed by its employee if the employee was acting within the course and scope of his employment at the time of the incident. (Rec. Doc. 18, pg. 6) *Citing Haynie v. Twin Oaks Nursing Home, Inc.* 17-192, 232 So. 3d 74 (La. App. 5 Cir. 11/15/17). This is exactly why Ms. Caples named Mr. Wolfe's employer, Menzies Aviation, as a defendant in this suit.

Mr. Wolfe's motion further alleges that the "plaintiff concedes Wolfe was acting within the course and scope of his employment with Menzies when the alleged intentional conduct occurred. Therefore, even if the intentional act occurred, which Wolfe denies, Menzies would be liable for the intentional conduct, not Wolfe." (Rec. Doc. 18, pgs. 6 and 7). While this may be a viable affirmative defense for Mr. Wolfe, this contention by Mr. Wolfe is nothing more than a speculative assertion made in attempt to pre-maturely exit this case before it has even begun.

While the plaintiff can allege Mr. Wolfe was acting within the course and scope of his employment with Menzies when the tort occurred, the plaintiff is not in the position to "concede" to anything. The only party that can "concede" to this allegation is Defendant, Menzies Aviation.

Menzies Aviation has not entered into any stipulations that Bryce Wolfe was in the course and scope of his employment at the time of the incident at issue. Menzies Aviation has not entered into any stipulation that they are liable for the negligent and/or intentional acts of Bryce Wolfe. Furthermore, Menzies Aviation has not entered into a stipulation that it shall provide insurance coverage for any settlement or judgment rendered in favor of Ms. Caples due to the acts and/or omissions of Bryce Wolfe.

Undoubtedly Menzies Aviation will assert the affirmative defense that it is <u>not</u> vicariously liable for the acts of Mr. Wolfe by alleging Mr. Wolfe was not acting within the ambit of his assigned duties and was also not acting in furtherance of his employer's (Menzies) objective when the tort occurred. *Citing LeBrane vs. Lewis*, 292 So.2d 216, 218 (La. 1974).

Therefore, assuming Menzies puts forth such affirmative defense, Mr. Wolfe would be found individually liable for any potential judgment rendered in favor of Ms. Caples due to his own tortious conduct. Accordingly, Mr. Wolfe is clearly an indispensable and necessary party to this litigation at this juncture.

Unless Defendant, Menzies Aviation, is willing to enter into a stipulation that: (1) Bryce Wolfe is liable for Ms. Caples injuries/damages, (2) Bryce Wolfe committed an intentional tort upon Ms. Caples in the course and scope of his employment with Menzies for which Menzies Aviation is solely vicariously liable, (3) Menzies Aviation shall provide insurance coverage for any settlement or judgment rendered in favor of Ms. Caples due to the acts and/or omissions of Bryce Wolfe, (4) Bryce Wolfe's actions do not fall within the ambit of the Workers' Compensation Act, and (5) Menzies Aviation will not present any affirmative defenses that state otherwise, then it is elementary that Bryce Wolfe, as the alleged tortefeasor herein, is a proper party defendant in this case.

**B.	Joinder of Bryce Wolfe and his employer, Menzies Aviation, is necessary. Further, these claims arise out of the same occurrence and cannot be severed**

For the reasons mentioned in part II(A), *supra*, Bryce Wolfe, individually, and his employer, Menzies Aviation, are indispensable and necessary parties to this case, and therefore, properly joined in the same suit arising out of same single occurrence – i.e. the torts of Bryce Wolfe upon Ms. Caples while in the employ of Menzies Aviation.

Mr. Wolfe's suggestion that Ms. Caples claims against Bryce Wolfe and Menzies Aviation be severed is inapposite of the intent and purpose of Rule 21.

The defendant seems to believe the Rule 21 factors are in his favor, when in fact, all the factors weigh in favor of maintaining these claims in one single lawsuit. First (1), this lawsuit arises out of the same occurrence – i.e. the negligent and/or intentional tort of Mr. Wolfe committed upon Ms. Caples while Mr. Wolfe was in the course of his employment with Menzies Aviation. Second (2), the claims brought by Ms. Caples against Mr. Wolfe and Menzies Aviation present the same issues of fact and law. Third (3), judicial economy would best be served by resolving these common claims in one lawsuit and one court, as opposed to litigating the exact same claims twice in two separate courts and being forced to conduct duplicative and identical discovery. Fourth (4), all parties involved would be prejudiced by the possibility of contradictory orders/judgments being rendered in two separate suits involving the same common occurrence. And Fifth (5), the same witnesses and the same documentary proof are required for all the claims involved in this suit.

### III. Conclusion

The plaintiff, Carissa Caples, prays that this Honorable Court deny Defendant, Bryce Wolfe's, Motion to Dismiss or Sever Claims, and that all claims against all defendants be remanded to the 24th Judicial District Court, State of Louisiana, Division "P," which Defendant, Menzies Aviation, has already consented to. (Rec. Doc. 10).

Respectfully submitted,

/s/ Casey W. Moll
JOHN D. SILEO (LA. BAR NO.: 17797)
CASEY W. MOLL (LA. BAR NO.: 35925)
320 N. CARROLLTON AVENUE, #101
NEW ORLEANS, LOUISIANA 70119
TEL: 504-486-4343
FAX: 504-297-1249

### CERTIFICATE

I hereby that on October 18, 2018, Counsel herein electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such following to counsel for all parties.

/s/ Casey W. Moll
CASEY W. MOLL