UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARISSA CAPLES | CIVIL ACTION |
| VERSUS | NO: 18-5765 |
| MENZIES AVIATION USA, INC. ET AL. | SECTION: "J"(3) |

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 9)** filed by Plaintiff, Carissa Caples. One Defendant, Menzies Aviation USA, Inc., gave notice it did not oppose remand. However, Defendant, Bryce Wolf, filed a *Motion to Dismiss or to Drop Party or Sever Claims for Misjoinder* **(Rec. Doc. 20)** in which he argues remand is improper. Plaintiff filed an opposition (Rec. Doc. 21) to Mr. Wolf's motion. Considering the motions, the memoranda, the record, and the law, the Court finds the motion to remand should be **GRANTED** and the motion to sever or dismiss should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This case began in the 24th Judicial District Court of Jefferson Parish, Louisiana, where Plaintiff filed suit against her employer, Menzies Aviation USA, Inc. ("Menzies"), and her supervisor at Menzies, Bryce Wolf. In her state court petition, Plaintiff claims that Mr. Wolf insisted Plaintiff sign a work report that Plaintiff disagreed with.[1] She further alleges she insisted on a copy of the report and

---

[1] (Rec. Doc. 1-1 at 5).

placed it in the copy machine. Mr. Wolf then allegedly told her she was not entitled to a copy and slammed the copy machine door onto her hand.[2] Subsequently, Menzies terminated Plaintiff—wrongfully, she claims.[3] Among other claims for damages, Plaintiff alleges she suffered physical injuries from Mr. Wolf's intentional tort, as well as lost wages from Menzies' wrongful termination.

Menzies filed a notice of removal (Rec. Doc. 1) on June 8, 2019, on the basis of diversity citizenship. Menzies' citizenship is a mystery—Defendant merely references Plaintiff's petition alleging that Menzies is a "foreign corporation."[4] It is indisputable, though, that Plaintiff and Mr. Wolf are both citizens of Louisiana. Menzies then filed a motion to compel arbitration (Rec. Doc. 7), which Plaintiff opposed. Plaintiff filed her motion to remand, and then Mr. Wolf filed his own motion, claiming misjoinder. The motions are before the Court without oral argument.

## **STANDARD OF LAW**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support

---

[2] (Rec. Doc. 1-1 at 5-6).
[3] (Rec. Doc. 1-1 at 6).
[4] (Rec. Doc. 1 at 2). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Section 1441(b) specifies that an action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any "properly joined" defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). Thus, a properly joined in-state[5] defendant will prevent removal, but an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The party seeking removal bears a heavy burden of proving that the joinder of the in-state defendant was improper. *Id.* at 574. The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). To establish improper joinder where there is no allegation of actual fraud the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant, which stated differently means that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* "A 'mere theoretical possibility of recovery under local law' will

---

[5] The term "in-state" is used to describe a defendant who is a citizen of the state where the action was brought, preventing removal under § 1441(b), as well as a defendant who would be non-diverse from a plaintiff, destroying diversity jurisdiction under § 1332(a).

3

not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).

A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* at 573. The federal pleading standard governs whether a plaintiff has stated a claim against a non-diverse defendant for purposes of the improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016). Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Because the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id.*

## PARTIES' ARGUMENTS & DISCUSSION

Mr. Wolf does not claim fraud on the part of Plaintiff but argues that Plaintiff cannot prevail on any claim against him. Mr. Wolf's argument is essentially that Plaintiff's exclusive remedy is a worker's compensation claim against Menzies.[6] Of course, intentional acts committed by fellow employees outside of the course and

---

[6] Mr. Wolf's argument is flawed in that he assumes that an employee cannot be held liable for his personally negligent acts if his employer may be held vicariously liable. That is not so. Under Louisiana law, the "issue of vicarious liability does not detract from the right of action against the employee personally." *Weston v. M-I L.L.C.*, No. CIV. A. 07-1978, 2008 WL 833756, at *3 (W.D. La. Mar. 27, 2008) (citing *OMSI v. Elliott*, 869 So. 2d 300, 302 (La. App. 3 Cir. 3/3/04)).

4

scope of their employment are excepted from this rule limiting recovery. *Haynie v. Twin Oaks Nursing Home, Inc.*, 232 So. 3d 74, 78 (La. App. 5 Cir. 11/15/17).

In her original petition, Plaintiff alleges that Mr. Wolf intentionally slammed her hand with a copy machine door. This would not appear to be an act within the scope of Mr. Wolf's employment, but Mr. Wolf suggests Plaintiff admitted that this act was within the scope of Mr. Wolf's employment in her pleadings. Plaintiff made an *allegation*—an admission would not be Plaintiff's to make. As Plaintiff's briefing makes clear, Menzies is the Defendant who would have to waive its affirmative defense that it is not vicariously responsible for Mr. Wolf's intentional acts by stipulating that Mr. Wolf's acts were within the scope of his employment. Menzies has not done so and has in fact consented to remand. There is no evidence of misjoinder. Moreover, the interests of judicial economy would not be served by severing Plaintiff's claims against Mr. Wolf. Remand is appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 9)** is **GRANTED** and the case is hereby **REMANDED** to the 24th Judicial District Court of Jefferson Parish, Louisiana**.**

**IT IS FURTHER ORDERED** that Mr. Wolf's *Motion to Dismiss or to Drop Party or Sever Claims for Misjoinder* **(Rec. Doc. 20)** is **DENIED**.

**IT IS FURTHER ORDERED** that Menzies *Motion to Compel Arbitration* **(Rec. Doc. 7) is DENIED as moot**.

New Orleans, Louisiana, this 23rd day of January, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE